# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>JAMAL LEE PIERCY,<br><br>    Defendant/Petitioner. | Case No. CIV-19-287-RAW<br>(Underlying Case No. CR-13-070-RAW) |

## ORDER

The four count Indictment was filed in this case on August 14, 2013, charging Jamal Lee Piercy ("Petitioner") with: (1) robbery in Indian Country in violation of 18 U.S.C. §§ 1151, 1152 and 2111; (2) brandishing a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (3) kidnapping in Indian Country in violation of 18 U.S.C. §§ 1151, 1152 and 1201(a)(2); and (4) brandishing a firearm during and in relation and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Docket No. 20*.

Petitioner entered a written Plea Agreement, wherein the Petitioner agreed to plead guilty to Counts 1 and 2 of the Indictment and the Government agreed to move for dismissal of Counts 3 and 4. *Docket No. 35*. Petitioner also waived his appellate and post-conviction rights, including "the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of

the guilty plea or this waiver" and "the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government." *Id*. at 4.[1]

On September 18, 2013, Petitioner pleaded guilty to Counts One and Two of the Indictment. On April 17, 2014, Petitioner was sentenced. *Docket No. 41*. On April 21, 2014, Judgment was entered. *Docket No. 43*. Petitioner was sentenced to 37 months in the custody of the Bureau of Prisons on Count 1 and 84 months in the custody of the Bureau of Prisons on Count 2, to be served consecutively, followed by 3 years of supervised release on each count to be served concurrently. *Id*. Counts 3 and 4 were dismissed. *Id*. Petitioner did not file a direct appeal.

Now before the court is Petitioner's first motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed August 29, 2019 [CR-13-70-RAW, Docket No. 46 and CIV-19-287-RAW, Docket No. 1].[2] The Government filed its Response on September 18, 2019. Petitioner did not file a Reply. Petitioner files his motion *pro se*.[3] Petitioner raises one ground for relief.

---

[1] For the reasons stated in the Government's well-argued Response, including its application of the three part test delineated in *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009) and *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), Petitioner has waived his post-conviction rights, including the right to file this motion. Nevertheless, the court includes herein an analysis of his motion.

[2] As the motion and the files and records of the case conclusively show that Petitioner is entitled to no relief, the court did not hold an evidentiary hearing.

[3] The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 93 F2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Although the court makes allowances for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," the court may not serve as a *pro se* litigant's attorney or advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d 1110).

Petitioner does not include the citation, but he references the United States Supreme Court Decision issued on June 24, 2019 in *United States v. Davis*, 139 S.Ct. 2319 (2019).  In *Davis*, the Supreme Court found the residual clause of the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague.  Section 924(c)(3) defines a "crime of violence" as:

> an offense that is a felony and –
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).  Subsection (A) is referred to as the "elements clause" and is not affected by the *Davis* Decision.  Subsection (B) is referred to as the "residual clause" and is invalidated by the *Davis* Decision.  Thus, a conviction under the residual clause is invalid.

As Petitioner has filed his § 2255 motion within one year of the issuance of the *Davis* Decision, it is timely.[4]  Nevertheless, for the reasons stated below, his conviction is not affected by the *Davis* Decision.

---

[4]    A one-year period of limitation applies to habeas motions.  28 U.S.C. § 2255; United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005).  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 924(c)(1)(A)(ii), under which Petitioner was convicted in Count 2, subjects a defendant to an enhanced sentence, specifically a minimum of 7 years in addition to an underlying punishment for a "crime of violence," if during the crime of violence, the defendant brandished a firearm.  18 U.S.C. § 924(c)(1)(A)(ii).  As cited above, the elements clause, which was not affected by the *Davis* Decision, defines a "crime of violence" as a felony that "has an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

Section 2111, the underlying "crime of violence" under which Petitioner was convicted in Count 1, provides that it is unlawful to "*by force and violence, or by intimidation*, take[] or attempt[] to take from the person or presence of another anything of value."  18 U.S.C.  § 2111 (emphasis added).  As the Government argues, the terms "force" and "violence" in § 2111 plainly match the definition of a "crime of violence" in § 924(c)(3)(A), the elements clause. Moreover, applying the categorical approach and the Supreme Court's reasoning in *Stokeling v. United States*, 139 S.Ct. 544 (2019), the Tenth Circuit has since held that § 2111 meets the requirements of the elements clause of § 924(c)(3)(A).  *United States v. Shirley*, --- Fed.Appx. --, 2020 WL 1845275, at *2-4 (April 13, 2020).

In sum, the underlying crime of violence charged in Count 1 in this case – robbery in Indian Country in violation of 18 U.S.C. §§ 1151, 1152 and 2111 – qualifies as a "crime of violence" under the elements clause of § 924(c)(3)(A) because it "has an element the use, attempted use, or threatened use of physical force against the person . . . of another."

---

28 U.S.C. § 2255(f).  Section 2255(f)(3) applies in this case.  The *Davis* Court announced a new rule of law invalidating § 924(c)(3)(B).  As the new rule is substantive, it is retroactive on collateral review.  *United States v. Bowen*, 936 F.3d 1091, 1100-01 (10th Cir. 2019).

Petitioner's sentence was properly enhanced under the elements clause, § 924(c)(3)(A). Moreover, he waived his post-conviction rights, including his right to file the instant motion. Accordingly, he is entitled to no relief. The court hereby dismisses his motion [CR-13-70-RAW, Docket No. 46 and CIV-19-287-RAW, Docket No. 1] pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Additionally, pursuant to § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**IT IS SO ORDERED** this 8th day of May, 2020.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma